**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

---

CESAR ANTONIO ARITA PADILLA,

      Petitioner,

v.                                      No. 1:26-cv-01265-MLG-KRS

MARKWAYNE MULLIN, Secretary; et al.,

      Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING
RESPONDENTS IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Cesar Antonio Arita Padilla's Petition for Writ of Habeas Under 28 U.S.C. § 2241, by a Person Subject to Unlawful Detention ("Petition"), Doc. 1. Arita Padilla, a native and citizen of Honduras, is detained at the Torrence County Detention Facility in New Mexico. Doc. 1 at 14, 15 ¶¶ 16, 21. He entered the United States in 2014 without inspection and now resides in Florida with his U.S. citizen wife and daughter. *Id.* at 15 ¶ 21. On October 29, 2025, Arita Padilla was detained following his arrest by police on a warrant arising from driving without a license. *Id.* at16 ¶ 22. The Department of Homeland Security ("DHS") has kept Arita Padilla in custody pursuant to 8 U.S.C. § 1225(b)(2) since that arrest.[1] *Id.* at 8-9, 16 ¶¶ 2-3, 22; Doc. 8 at 3-4. An immigration judge ("IJ") ordered Arita Padilla removed on June 22, 2026. Doc. 11 at 2. Arita Padilla, however, reserved his right to appeal. *Id.*[2]

---

[1] Arita Padilla has no known criminal history "except for a few No-Drivers-License matters." Doc. 1 at 16 ¶ 22.

[2] Pre-removal custody is still at issue if Arita Padilla timely appeals the order. *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1136 (D. Or. 2025) (noting the government conceded a petitioner "remains in removal proceedings under 8 U.S.C. § 1229a during his administrative appeal of the dismissal of his removal proceedings"); *Patel v. Tindall*, No. 3:25-cv-373-RGJ, 2025 WL 2823607,

Arita Padilla claims his continued detention violates the Immigration and Nationality Act ("INA") because 8 U.S.C. § 1225(b)(2) does not apply to him because he is not an "applicant for admission" since he is not "seeking admission" into the United States. He has instead resided here for over ten years. *Id.* at 15-16 20-22, 57-58 ¶¶ 21-22, 31-36, 122-124; *see also id.* at 22-45 ¶¶ 37-89. Arita Padilla further asserts his continued detention violates the Fourth Amendment and also the Fifth Amendment Due Process Clause. *Id.* at 45-57, 59-60 ¶¶ 90-121, 127-28, 131-134. He seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to immediately release him or conduct a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* at 60. Arita Padilla also filed an Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction requesting the same relief. Doc. 3 at 10-11, 37. On May 8, 2026, Respondents filed a Response to the Petition and Emergency Motion. Doc. 8. Arita Gonzalez filed a reply on May 12, 2026. Doc. 9.

## DISCUSSION

### I.    Section 1226 Governs Arita Padilla's Detention

The dispositive question presented is whether Arita Padilla's detention is governed by § 1226(a), or whether he is instead subject to the mandatory detention provision provided by § 1225(b)(2)(A).[3] This Court has been presented with this same issue as applied to similarly

---

at *4–5 (W.D. Ky. Oct. 3, 2025) (ruling a petitioner's "section 1229a proceedings continue to be active, as the decision of an immigration judge becomes final upon waiver of appeal or upon expiration of the time of appeal" and that the petitioner timely filed an appeal of the decision) (internal citations omitted).

[3] *Compare* § 1226(a)(2) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." (emphasis added)), *with* § 1225(b)(2)(A) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines

situated defendants, and, as in those cases, the Court hereby finds § 1226(a) governs Arita Padilla's detention. *See Cortez-Gonzales v. Noem*, 811 F. Supp. 3d 1287, 1295-98 (D.N.M. 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). Like the "vast majority" of courts confronted with this issue, the Court has concluded that § 1226(a)—not § 1225(b)(2)(A)—governs the detention of noncitizens[4] like Arita Padilla, who has resided in the United States for over ten years. Doc. 1 at 15 ¶ 21; *see, e.g.*, *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397, 408 (D.N.J. 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have been residing in the United States for several years); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487 (S.D.N.Y. 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A).

Federal Respondents maintain their position that § 1225(b)(2)(A) applies to Arita Padilla's detention. *See* Doc. 8 3. They concede that the Court's prior rulings would control the result here. *Id.* at 4. Federal Respondents also cite the United States Court of Appeals for the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) for the proposition that §

---

that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a . . . ." (emphasis added)).

[4] "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

1225(b)(2)(A) controls. *See* Doc. 6 at 2 n. 2. This is not binding authority. Additionally, most circuit courts have concluded § 1226(a) applies to the pre-removal detention of noncitizens like Arita Padilla rather than § 1225(b)(2)(A). *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 844-45 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). The Court agrees with the majority view and holds that § 1226(a) governs Arita Padilla's detention.

## II.    Ongoing Violation of the Fifth Amendment Due Process Clause

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693. Given that § 1226(a) is controlling, Arita Padilla is entitled—as a right—to the due process provided to him under that statute, an individualized bond hearing. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298; *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025); *Gonzales Ramos*, 2025 WL 3653928, at *4-5. Arita Padilla's continued detention without such review constitutes an ongoing violation of his right to due process. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298.

## III.    Immediate Release is the Appropriate Remedy

Federal courts are authorized to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief. *Clayton v. Jones*, 700 F.3d 435, 443

(10th Cir. 2012) (internal quotations omitted)(citing 28 U.S.C. § 2243) *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (noting "the traditional function of the writ [of habeas corpus] is to secure release from illegal custody"); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice'" (emphasis in original)) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969). Arita Padilla has been deprived of liberty since April 2026 due to Respondent's violation of § 1226(a). Doc. 1 at 9 ¶ 37. The Court "acknowledges that release—whether immediate or otherwise on a bond hearing or otherwise—may 'be a distinction without a difference.'" *Aguilar-Rodriguez v. Ladwig*, No. 2:26-cv-02168-TLP-tmp, 2026 WL 1266251, at *8 (W.D. Tenn May 8, 2026) (quoting *Hernandez v. Ladwig*, No. 2:26-cv-02081-SHL-atc, 2026 WL 324020, at *9 (W.D. Tenn. Feb. 6, 2026)). "After all, the Government may at any time detain an illegally present noncitizen under § 1226(a), subject to a bond hearing, and thus it is not necessary for this Court to order one." *Hernandez,* 2026 WL 324020, at *9; *see also* § 1226(a). Given the ongoing violation of Arita Padilla's due process rights, the remedy justice requires in this matter is immediate release. *See Hernandez,* 2026 WL 324020, at *9. Immediate release will address the lack of due process afforded to Arita Padilla and restore him to the status quo prior to the violation of his Fifth Amendment rights. *See id* at *8; *see also Sosa v. De Anda-Ybarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than remanding for a bond hearing).

Accordingly, the Court grants Arita Padilla's Petition. Respondents shall release Arita Padilla within twenty-four hours of the entry of this Order. He shall be released with all identification documentation that he possessed on his person when detained by Respondents in October 2025 along with a copy of this Order.

If Respondents decide to re-detain Arita Padilla, they must provide him with a bond hearing before a neutral Immigration Judge pursuant to § 1226(a). Respondents are enjoined from pursuing Arita Padilla's detention under 8 U.S.C. § 1225(b)(2)(A).

Respondents shall file a status report within three (3) days of this Order to certify compliance.

Because Arita Padilla's Petition is granted, his Emergency Motion (Doc. 3) is moot.

Arita Padilla's request for attorney's fees and costs under the Equal Access to Justice Act ("EAJA") shall be considered. *See* Doc. 1 at 60; 28 U.S.C. § 2412(d)(1)(A); *Delay v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) ("[W]e read the EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention."). "Under [the] EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). While fees are authorized, Arita Padilla must "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses," and include an allegation demonstrating that "the position of the United States was not substantially justified." § 2412(d)(1)(B). Upon filing the application, Respondents must justify their position in any underlying proceedings and district court litigation. *See Hackett*, 475 F.3d at 1170.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA